UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX SPORTS/REDLINE/BANG
ENERGY, a Florida corporation,

    *Plaintiff*,

v.

CHRISTOPHER ALFIERI, an individual,
ADAM PERRY, an individual, ANDREW
LAROCCA, an individual, AMY MAROS,
an individual and ELEGANCE BRANDS
INC., a Delaware corporation,

    *Defendants*.

CASE NO: 0:20-cv-61307-AHS

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants Christopher Alfieri, Adam Perry, Andrew LaRocca, Amy Maros, and Elegance Brands, Inc., through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, file this Motion to Dismiss Plaintiff Vital Pharmaceuticals, Inc., d/b/a VPX Sports/Redline/Bang Energy's Complaint (DE 1), and in support state: [1]

## INTRODUCTION

In Florida, it is virtually impossible for companies to hire talent because Florida has normalized the rampant misuse and abuse of non-compete agreements. In this case, Plaintiff VPX has sued several former employees and their new employer, Elegance. Plaintiff's Complaint is shockingly generic. It consists of several pages of boilerplate allegations and legal conclusions.

---

[1] Defendants Christopher Alfieri ("Alfieri"), Adam Perry ("Perry"), Andrew LaRocca ("LaRocca"), Amy Maros ("Maros") are referred to as "Individual Defendants." The Individual Defendants and Defendant Elegance Brands, Inc. ("Elegance") are collectively referred to as "Defendants". Plaintiff Vital Pharmaceuticals, Inc. d/b/a VPX Sports/Redline/Bang Energy is referred to as "VPX" or "Plaintiff."

The only actual facts alleged are that Elegance hired four former VPX employees who were subject to non-compete agreements. But non-compete agreements are only enforceable where necessary to protect a legitimate business interest. The Complaint does not allege sufficient facts to support the existence of such an interest. Instead, the Complaint makes only generic references to confidential and proprietary information—without actually identifying what specific information is supposedly at issue. Because Plaintiff has failed to adequately plead a legitimate business interest, the breach of contract claims should be dismissed. The claims for tortious interference against Elegance and Alfieri are equally deficient. Those claims merely allege Elegance hired certain individuals who were subject to non-compete agreements. It does not allege anything further regarding tortious conduct. Because the non-compete claims have not been properly plead and the tortious interference claims do not allege tortious or wrongful conduct, those claims also should be dismissed. Plaintiffs in non-compete cases should not be afforded special treatment. They should be required to satisfy Rule 8 and *Twombly* like all other plaintiffs. In this case, Plaintiff simply does not satisfy that standard.

I.   BACKGROUND

From the late summer of 2019 through the early summer of 2020, the Individual Defendants were employed by Plaintiff, a sports nutrition, dietary supplement and beverage manufacturing and distribution company. DE 1 at ¶¶ 14, 17, 23, 29, 35. Included in the products offered by Plaintiff is its line of products called BANG—an energy drink. *Id.* at ¶ 41.

During this period of a little less than a year, the Individual Defendants were employed as part of Plaintiff's sales, marketing, and distribution team. *Id.* Each Individual Defendant executed an Employment Agreement that contained both non-compete covenants as well as non-solicitation covenants. *Id.* at ¶¶ 18, 24, 30, 36. The Employment Agreements contained a one-year restriction

on working for a competing company in a similar capacity. *Id.* at ¶ 48. The Employment Agreements also contained a one-year restriction against soliciting any VPX employees to leave their employment. *Id.* at ¶ 63.

Plaintiff alleges that the Individual Defendants had access to proprietary, confidential, and trade secret information. *Id.* at ¶¶ 21, 27, 33, 39. But Plaintiff makes no specific allegations as to *what* supposedly proprietary, confidential, and trade secret information the Individual Defendants had access to. Likewise, Plaintiff makes no allegations that the Individual Defendants improperly shared or utilized this information beyond the scope of their employment with Plaintiff. *See generally* DE 1. Even as it relates to Elegance, Plaintiff does not allege that the Individual Defendants shared, utilized, relied on, or in any way made reference to Plaintiff's supposedly proprietary, confidential, and trade secret information. *Id.*

In the early summer of 2020, the Individual Defendants separated from VPX and joined Elegance. *Id.* at ¶ 42–43. Elegance is a start-up beverage company that focuses on bringing "a range of hemp and CBD infused" products to the beverage market.[2] *Id.* at Ex. 2-A. One of Elegance's products is its Gorilla Hemp Energy Drink—a novel energy drink that combines the traditional concept of an energy drink with 20mg of CBD. *Id.* Elegance markets itself as entering this new CBD segment of the beverage market. Plaintiff does not allege that it sells a competing Hemp CBD infused drink. *See generally* DE 1.

On July 1, 2020, Plaintiff filed a lawsuit against the Individual Defendants as well as Elegance for the Individual Defendant's alleged breaches of the non-compete covenants, Alfieri's alleged breach of his non-solicitation agreement, and Elegance's as well as Alfieri's alleged

---

[2] Elegance also offers a line of premium spirit vodka called Elegance Vodka, which is a craft small batch vodka. *See* Complaint. at Ex. 2-A.

3

tortious interference with Plaintiff's contracts. *See generally* DE 1. The basis of Plaintiff's claims against Defendants is that by their employment with Elegance, the Individual Defendants have breached their restrictive covenants. *Id.* This notwithstanding, Plaintiff fails to provide the necessary facts to substantiate these claims. Indeed, Plaintiff's Complaint only contains three allegations that reference a legitimate business interest, paragraphs forty-seven, forty-eight, and sixty-two, which state, in pertinent part:

> Paragraph forty-seven: "Each of the aforesaid Individual Defendants entered into his/her own agreement with Plaintiff that contained restrictive covenants protective of VPX's legitimate business interests." *Id.* at ¶ 47.
>
> Paragraph forty-eight: "Each of the Individual Defendants therein agreed with VPX to be bound by the terms of a non-compete covenant, which was as is reasonably drawn to protect VPX's legitimate business interests, including, but not limited to, protection of VPX's proprietary and confidential business information, trade secrets, and goodwill." *Id.* at ¶ 48.
>
> Paragraph sixty-two: "Alfieri entered into an agreement with Plaintiff that contained restrictive covenants protective of VPX's legitimate business interests." *Id.* at ¶ 62.

II.  **MEMORANDUM OF LAW**

   A. **Legal Standard.**

To survive a Rule 12(b)(6) motion to dismiss, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim is not enough, and a court need not give

any credence to legal conclusions that are not supported by sufficient factual material. *Id.*; *Altman Contractors, Inc. v. Crum & Forster Specialty Ins. Co.*, 2014 WL 1154075, at *1 (S.D. Fla. Mar. 14, 2014) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). In determining whether to dismiss a pleading under Rule 12(b)(6), a court accepts well-pleaded allegations as true and construes them in a light most favorable to the non-moving party. *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1312 (11th Cir. 2015) (citations omitted).

### B. Plaintiff's Breach of Contract Claims (Counts I–II) Must Be Dismissed.

In the non-compete context, a plaintiff alleging breach of contract must do more than allege the standard elements of a contract, breach, and damages. In addition to those elements, "[a] person seeking enforcement of a restrictive covenant also shall **plead** and prove that the contractually specified restraint is reasonably necessary to protect the legitimate business interest or interests justifying the restriction." Florida Statutes § 542.335(1)(c) (emphasis added). By its plain language, the operative Statute raises the pleading burden. Generally, a legitimate business interest takes the form of confidential information or trade secrets, substantial relationships, goodwill, or extraordinary training. *Id. See also Envtl. Servs., Inc. v. Carter*, 9 So. 3d 1258, 1262 (Fla. 5th DCA 2009) (listing commonly recognized legitimate business interests). The Complaint fails to satisfy that pleading burden.

#### 1. *Plaintiff Fails to Plausibly Allege Competition.*

VPX makes the popular energy drink Bang. The Complaint alleges that Elegance's product Gorilla Hemp Energy Drink necessarily competes with Bang *solely* because the website for that product mentions energy drinks such as Red Bull, Monster, and Rock Star. Per the Complaint:

> Elegance is a relatively new company that has publicly announced its launch, or imminent launch, of an energy drink product branded "Gorilla Hemp Energy Drink," which Elegance's own website acknowledges competes (or will imminently compete) against the energy drink products sold by Red Bull, Rock Star and Monster Energy. By extension, Elegance, via its own website, acknowledges that "Gorilla Hemp Energy Drink" competes (or will imminently compete) against VPX's BANG® energy drink products.

DE 1 at ¶ 41. But that is not what Elegance's website actually advertises. Plaintiff filed actual screenshots from Elegance's website with its Complaint. *See* DE 1 at Ex. 2-A. Elegance advertises that its Gorilla Hemp drink differentiates itself from other typical energy drinks and is one of the only CBD-infused energy drinks on the market. The Elegance website states point blank, "A notable energy drink combined with Hemp CBD does not currently exist." With respect to its references to Red Bull, Monster, & Rockstar, the Elegance website mentions these brands as examples of lucrative energy drink brands for comparison by investors, not as examples of its competitors. The Complaint does not allege that Elegance (through its nascent CBD energy drink) competes with VPX (through Bang). Instead, the Complaint alleges that, by inference, based on its strained interpretation of the Elegance website, the companies and products must be competitive. This is too clever by half. If VPX considers CBD energy drink products competitors, then VPX can say so in a public federal court filing and stand by that assertion. But, as it stands, VPX has not alleged that it makes a CBD energy drink product, or that it regards Elegance as a competitor in the same market space as its energy drink Bang.

### 2. *Plaintiff Parrots Statutory Language Rather Than Alleging Facts.*

With respect to a legitimate business interest, the Complaint alleges that the restrictive covenants are necessary to protect "VPX's proprietary and confidential business information, trade secrets, and goodwill." DE 1 at ¶ 48. This allegation was copied and pasted from Florida Statutes §§ 542.335(b)(1), 542.335(b)(2), and 542.335(b)(4). Plaintiff makes no additional factual

allegations regarding the existence of any legitimate business interest. As such, Plaintiff has not gone beyond conclusory statements and recitation of statutory language. As the United States Supreme Court recognized in *Iqbal*, the tenet that a court must accept a plaintiff's allegations as true does not apply to "legal conclusions" and "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In numerous other contexts, trial courts have dismissed complaints built on conclusory allegations that merely parrot statutory language. *See, e.g., Recreational Design v. Wiss, Janney, Elstner Assocs.*, 867 F. Supp. 2d 1234, 1241 (S.D. Fla. 2011) (dismissing a negligent representation claim that merely parroted language from relevant statutes and case law). Plaintiffs in Florida non-compete cases should not be afforded special treatment and should be held to the same standards as all other litigants. On this basis alone, the breach of contract claims should be dismissed.

### 3.  *Plaintiff Fails to Sufficiently Plead Confidential Information.*

Plaintiff has failed to plead a legitimate business interest in confidential information. As addressed *supra*, on this point, the Complaint goes no further than the boilerplate allegation of "proprietary and confidential business information". Florida law provides that confidential information can constitute a legitimate business interest *only* where that information is valuable, confidential, unique to the company, not available to other competitors in the market, and of a type that would allow for unfair competition if misappropriated. *See, e.g., Anich Indus., Inc. v. Raney*, 751 So. 2d 767, 771 (Fla. 5th DCA 2000) (information commonly known in the industry and not unique to the company does not constitute a protectable interest); *Lucky Cousins Trucking v. QC Energy*, 223 F. Supp. 3d 1221, (M.D. Fla. 2016) (generic allegations regarding confidential information does not establish a legitimate business interest); *Passalacqua v. Naviant, Inc.*, 844 So. 2d 792, 796 (Fla. 4th DCA 2003) (no legitimate business interest in confidential information

where plaintiff failed to articulate how its methods were unique and how defendant could use that information against her in the market to gain unfair advantage).

Here, Plaintiff fails to even identify what specific confidential information is at issue. Likewise, Plaintiff makes no allegations regarding how that information is unique to VPX and how Elegance—which makes a CBD energy drink—could use that information to engage in unfair competition. At a minimum, VPX must allege what specific confidential information it is seeking to protect through enforcement of the restrictive covenants. Plaintiff has failed to satisfy even that minimal burden. The Complaint cannot be sustained on the basis of boilerplate claims regarding confidential information.

### 4. *Plaintiff Fails to Sufficiently Plead Trade Secrets.*

Under Florida law, protection of trade secrets "as defined in [Florida Statutes §] 688.002(4)" can justify enforcement of a restrictive covenant. *See* Florida Statutes § 542.335(1)(b)(1). Here, VPX's attempt at alleging the existence of trade secrets goes no further than the naked assertion that they have trade secrets. The claim fails for two reasons. First, Plaintiff fails to identify the actual, specific trade secrets at issue. *See Am. Registry, LLC v. Hanaw*, 2013 WL 6332971, at *3 (M.D. Fla. Dec. 5, 2013) (dismissing non-disclosure and trade secret claims where plaintiff merely alleged a generic list of supposed trade secrets including "software", "financial data", "lists", "information and records", etc.). Even in *Hanaw*, where the court dismissed the complaint, the plaintiff alleged more than what VPX has alleged here. Second, Plaintiff fails to allege that it took reasonable steps to maintain the secrecy of the alleged trade secrets. *See, e.g., Taxinet, Corp. v. Leon*, 2018 WL 3405243, at *3 (S.D. Fla. July 12, 2018) (dismissing trade secret claims for failure to allege reasonable efforts to maintain secrecy). As such, Plaintiff has failed to plead any legitimate business interest in trade secrets.

5. *Plaintiff Fails to Plead a Legitimate Business Interest in Goodwill.*

Plaintiff has failed to plead a legitimate business interest in goodwill. With respect to goodwill, the Complaint literally does nothing more than state that the restrictive covenants are necessary to protect VPX's goodwill. DE 1 at ¶ 48. Florida Statutes § 542.335 indicates that a legitimate business interest may take the form of customer, patient, or client goodwill. The most widely accepted definition of goodwill is the expectation of continued patronage. *See Newark Morning Ledger Co. v. U.S.*, 507 U.S. 546 (1993). Plaintiff utterly fails to explain how its goodwill could plausibly be harmed by Elegance—with its nascent CBD energy drink product—hiring four of its former employees. Plaintiff has not alleged the loss of any client, customer, or other relationships. Plaintiff has not alleged that, as a result of such hiring, it has suffered or even may suffer a decline in patronage. Plaintiff has failed to sufficiently plead a legitimate business interest in goodwill.

C. **Plaintiff's Tortious Interference Claim Against Elegance (Count III) Must Be Dismissed.**

1. *Plaintiff Parrots Elements, but Fails to Allege Facts Sufficient to State a Claim.*

Under Florida law, "[t]he elements of tortious interference with a contract or business relationship are: (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference." *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 385–86 (Fla. 4th DCA 1999) (citing *Tamiami Trail Tours, Inc. v. Cotton,* 463 So. 2d 1126, 1127 (Fla. 1985)).

Here, VPX's claim against Elegance provides only rote recitations of the above listed tortious interference elements. VPX has a habit of filing boilerplate claims. Just over six months

ago, in a separate matter, this Court dismissed a tortious interference claim brought by VPX for failure to allege adequate facts in support of its claim. *ThermoLife Int'l LLC v. Vital Pharm. Inc.*, No. 19-CV-61380, 2020 WL 409594, at *3 (S.D. Fla. Jan. 24, 2020) (dismissing tortious interference claim for failure to plead sufficient factual allegations).

Here, the *only* allegations that Elegance did anything at all "intentional and unjustified" is contained in paragraphs 76–79 of the Complaint, in which VPX alleges that Elegance "intentionally and unjustifiably interfered" with VPX by *hiring* the Individual Defendants and allegedly "inducing Alfieri to breach his Employee Non-Solicitation Agreement." There is no explanation of how Elegance's hiring of these individuals was tortious. There are no allegations as to how or when Alfieri allegedly solicited Perry, LaRocca, or Maros, or how he did so at Elegance's behest. Similarly, and as described above, there are not even allegations that the Gorilla Hemp Energy Drink is competitive with Plaintiff's products, which is the entire predicate for the alleged illegality of Elegance's hiring of the Individual Defendants in the first place. As such, VPX has done no more than "list[] legal conclusions," which are not cloaked with an assumption of truth, even at this stage of litigation. *See, e.g., Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273–74 (S.D. Fla. 2010) ("In analyzing motions to dismiss, it is the duty of the Court to separate legal conclusions, that are not entitled to the assumption of truth, from factual allegations that are.").

VPX's inclusion of Defendants Perry, LaRocca, and Maros in this claim does nothing to strengthen its claim. Taking the allegations as true, the hiring of these individuals, regardless of the existence of allegedly enforceable restrictive covenants, does not establish a plausible basis for a tortious interference claim. *See, e.g., Fiberglass Coatings, Inc. v. Interstate Chem., Inc.*, 16 So. 3d 836, 838 (Fla. 2nd DCA 2009) ("One does not induce another to commit a breach of contract

10

with a third person […] when he merely enters into an agreement with the other with knowledge that the other cannot perform both it and his contract with the third person." ) (quotation omitted). VPX fails to meet its burden of *pleading* that Elegance intended to interfere with Plaintiff's business relationships. *See Martin Petroleum Corp.*, 769 So.2d at 1107 ("Thus, even if the defendant is aware of the existing business relationship, the defendant will not be liable for tortious interference with that relationship unless there is evidence that the defendant intended to procure a breach of the contract."). Count III must be dismissed.

### D. Plaintiff's Tortious Interference Claim Against Alfieri (Count IV) Must Be Dismissed.

#### 1. *VPX Improperly Incorporates Count I Into This Claim.*

VPX's entire Complaint is shotgun pleading. Among other things, it realleges and reincorporates all general allegations into all counts and the bulk of Counts I and II into Count III. But the problems with the Complaint's shotgun style are particularly acute in Count IV against Alfieri. There, VPX has incorporated all of its allegations in Count I (Breach of Contract against all the Individual Defendants, which includes Alfieri). As it stands, this means that Count IV against Alfieri for tortious interference is to a certain degree predicated upon a contract to which he is a party. But one cannot interfere with his own business relationship. *Menudo Int'l, LLC v. In Miami Prod., LLC*, 2018 WL 1745395, at *3 (S.D. Fla. Apr. 11, 2018). In other words, a tortious interference claim cannot ordinarily survive where the contractual relations allegedly interfered with are one's own. *Id.* That is what VPX has alleged. This alone warrants dismissal of Count IV.

#### 2. *Plaintiff Parrots Elements, but Fails to Allege Facts Sufficient to State a Claim.*

Just as with Count III, Count IV contains "labels and conclusions" and a "formulaic recitation of the elements of a cause of action" without anything more. *See Iqbal,* 556 U.S. 662

(2009) (quotation omitted). As a result, it should suffer the same fate as Count III. There is no indication of how Alfieri allegedly interfered beyond the legal conclusions that he "solicited" former VPX employees and that those employees now work for Elegance. This is not a request for a heighted pleading standard; Alfieri simply seeks to be adequately placed on notice of what he is being accused of. VPX does not so much as allege that Alfieri initiated any contact with Perry, LaRocca, or Maros, let alone that that he explicitly or implicitly offered them positions at Elegance, or that he even had authority to hire them. Simply put, there are no allegations present that transform VPX's conclusory allegations regarding Alfieri into a properly pleaded claim for tortious interference.

### III.   CONCLUSION

Plaintiff's Complaint contains only boilerplate allegations and legal conclusions. Plaintiff has not pleaded any specific facts related to (1) *what* legitimate business interest are issue or (2) *how* Elegance is its competitor. Additionally, Plaintiff's claims for tortious interference against Elegance and Alfieri are both facially deficient. Plaintiff has not established that it is entitled to any relief in its Complaint. The Complaint should be dismissed in total.

Dated: July 27, 2020

Respectfully submitted,

By: /s/ *Christopher Prater*
Christopher S. Prater
Florida Bar No.: 105488
cprater@pollardllc.com

Jonathan Pollard
Florida Bar No.: 83613
jpollard@pollardllc.com

Michael Boehringer
Florida Bar No.: 1018486
mboehringer@pollardllc.com

**Pollard PLLC**
100 SE 3rd Ave., Ste. 601
Fort Lauderdale, Florida 33394
Telephone: (954) 332-2380
Fax: (866) 594-5731
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via ECF to all counsel of record in this action on July 27, 2020.

By: /s/ *Christopher Prater*
Christopher S. Prater