UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  20-61307-CIV-SINGHAL/VALLE

VITAL PHARMACEUTICALS, INC.
d/b/a VPX SPORTS/REDLINE/BANG
ENERGY,

      Plaintiff,

v.

CHRISTOPHER ALFIERI, an individual,
ADAM PERRY, an individual, ANDREW
LAROCCA, an individual, AMY MAROS,
an individual, and ELEGANCE BRANDS,
INC., a Delaware corporation,

      Defendants.

_____/

## OPINION AND ORDER

**THIS CAUSE** has come before the Court on Defendants LaRocca and Alfieri's ("Defendants") Motion for Summary Judgment, filed on February 18, 2022 (the "Motion") (DE [182]).  Defendants filed a Statement of Undisputed Material Facts on February 18, 2022 ("Defendants' SOF") (DE [183]).  Plaintiff Vital Pharmaceuticals, Inc. ("Plaintiff" or "VPX") filed a Response on March 5, 2022 (DE [201]).  Plaintiff was directed to refile its Response to comply with the Court's Notice of Court Practice Order.  Plaintiff refiled its Amended Response on April 27, 2022 (DE [253]).  Plaintiff filed an Opposing Statement of Material Facts ("VPX's SOF") on March 5, 2022 (DE [202]).  Defendants filed their Reply on March 28, 2022 (DE [237]).  The Motion is now ripe for this Court's consideration.

I.   **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material

fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a));[1] *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" if a reasonable trier of fact, viewing all the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "[W]here the material facts are undisputed and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law." *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 Fed. Appx. 817, 820 (11th Cir. 2015).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). "[T]his, however, does not mean that we are constrained to accept all the

---

[1] The 2010 Amendment to Rule 56(a) substituted the phrase "genuine dispute" for the former "'genuine issue' of any material fact."

nonmovant's factual characterizations and legal arguments." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

II.   **DISCUSSION**

   A.  **Legitimate Business Interest**

Defendants first argue that VPX cannot establish a protectable legitimate business interest to justify its restrictive covenants. *See* Motion, at 5–9.  According to Defendants, information contained in VPX's distributor lists is neither confidential nor proprietary and can easily be obtained from public sources. *Id.* at 6.  Moreover, Defendants assert, VPX cannot identify a single customer (distributor) that was obtained by Elegance. *Id.* at 7. Furthermore, Defendants argue that VPX has proffered no evidence that either LaRocca or Alfieri ever used VPX's purported confidential or proprietary information. *Id.* at 8. Finally, Defendants contend that VPX has not sought to enforce the applicable provision of the employment agreements pertaining to disclosure of confidential or proprietary information. *Id.* at 8.

The Court already determined this issue in its Opinion and Order denying Defendant Maros' Motion for Summary Judgment. *See* (DE [261]).  Specifically, the Court found that VPX's business plans, negotiated agreement templates with specific third-parties, product formulas and design, business strategy, and any other work product that represents an investment by the proponent that would cause unfair competition if misappropriated by a competitor, likely qualify as confidential business information to which VPX has a protectable legitimate business interest.  *Id.* at 9–10.  Accordingly, as this Court held in that decision, and as it now reiterates, there are, at the very least, genuine issues of material fact whether VPX has a protectable legitimate business

interest in its confidential business information that justifies its restrictive covenants. Accordingly, summary judgment is improper on this issue.

### B.  The Law-of-the-Case Doctrine

Defendants argue that the Eleventh Circuit decision in this case (DE [175]) controls the disposition of their Motion.  However, here too the Court addressed and rejected this argument in its Opinion and Order denying Defendant Maros' Motion for Summary Judgment. *See* (DE [261]). Thus, summary judgment is not warranted on this basis.

### C.  Tortious Interference and Non-Solicitation Covenant

To prevail on a claim of tortious interference with a business relationship, a party must show (1) the existence of a business relationship, (2) knowledge of the relationship on the part of defendant, (3) an intentional and unjustified interference with the relationship by the defendant, and (4) damage to the plaintiff because of the breach of that relationship. *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985). Defendant Alfieri argues that he had no knowledge of the restrictive covenants at issue and thus could not have had the requisite knowledge required by the second element. *See* Motion, at 12.  The second element refers to knowledge of the business relationship by the defendant, not knowledge of contract terms between the parties to that business relationship.  Moreover, the *Tamiami* court specifically noted the business relationship need not be "evidenced by an enforceable contract." 463 So. 2d at 1127.  Accordingly, Alfieri's lack of knowledge of the restrictive covenants has no bearing on whether he had knowledge of the business relationship between the other defendants and VPX—he did. It is undisputed he was aware that the other defendants were employed at VPX and thus had a business relationship with VPX.

Second, Defendants argue VPX cannot show Defendant Alfieri manifested a specific intent to interfere with the business relationship because Elegance Brands entered into employment agreements with individual Defendants only with the knowledge that Defendants could likely not honor their prior contracts. *See* Motion, at 13.  Defendants cite *Martin Petroleum Corp. v. Amerada Hess Corp.* for the proposition that "[o]ne does not induce another to commit a breach of contract with a third person under the rule stated in this Section when he merely enters into an agreement with the other with knowledge that the other cannot perform both it and his contract with the third person." 769 So. 2d 1105, 1107 (Fla. 4th DCA 2000) (quoting Restatement (Second) of Torts § 766 (1977)). For one, Defendants' argument does not follow because Elegance Brands, not Defendant Alfieri, is the one who entered into agreement with the other defendants.  Second, it is, at the very least, a disputed question of fact whether Alfieri knew the other defendants were bound by the restrictive covenants that they would be breaching by leaving VPX for Elegance Brands. *See* VPX's SOF ¶ 11 (DE [202]).  If a factfinder concludes in the affirmative, Alfieri would have had much more than simply the "knowledge that the [defendants] cannot perform both [their VPX contract] and [their] contract with [Elegance Brands]." *See Martin Petroleum*, 769 So. 2d at 1107.  He would have had the knowledge that the other defendants were affirmatively breaching the non-compete provisions in their restrictive covenants.  And, if a factfinder concludes Alfieri was aware of his own restrictive covenant, Alfieri would have had the knowledge that he was breaching the non-solicitation provision in his own restrictive covenant.  Accordingly, this argument does not warrant summary judgment in favor of Defendants.

Third, Defendants argue they did not take any confidential information with them to Elegance, Elegance has not seen any of VPX's confidential information as confirmed

by Raj Beri's testimony, and VPX cannot prove causation because all Defendants stated they would leave VPX in any case. *See* Motion, at 14.  As an initial matter, whether Defendants took confidential information with them to Elegance and whether Elegance has seen VPX confidential information is not relevant to the issues of whether Defendant Alfieri committed tortious interference or violated his non-solicitation covenant.  And in any case, whether any of the Defendants did, in fact, take VPX's confidential business information with them and whether Elegance obtained this information from them are, at the very least, disputed questions of fact not fit for summary judgment. *See* VPX SOF ¶¶ 8, 12, 16 (DE [202]).  Whether Defendants planned to leave VPX, independent of Elegance Brands, is also a disputed question of fact. *See* VPX SOF ¶ 6 (DE [202]).

Fourth, Defendants argue Alfieri did nothing proactive to tortiously damage or attempt to damage VPX. *See* Motion, at 14 (DE [182]).  According to Defendants, there is no evidence Alfieri influenced, induced, or coerced the other defendants to breach their employment contracts. *Id.*  However, whether Alfieri influenced or induced the other defendants to "jump ship" is again, at the very least, a disputed question of material fact. *See* VPX's SOF ¶ 15 (deposition testimony of Alfieri where he confirms his efforts to bring the other defendants over to Elegance).  Therefore, summary judgment is not warranted on the issues of whether Alfieri committed tortious interference or breached his non-solicitation covenant.

### D.  Liquidated Damages Provision

Defendants contend the liquidated damages provision contained in their employment agreements violate Florida law because it is punitive in nature and *in terrorem* by its nature. *See* Motion, at 15–17 (DE [182]).  The provision states that breach of the non-disclosure of confidential information covenant requires payment of the greater

6

of $50,000 per occurrence or the sum of 40% of the Company's gross annual sales. (DE [76-1, 76-3 ¶ 7(b)(ii)]). The provision provides that breach of the non-compete covenant requires the payment of the greater of $25,000 per occurrence or the sum of 50% of the Employee's first year gross earnings. *Id.*  The provision provides that breach of the non-solicitation covenant requires the payment of the sum of $100,000 per party. *Id.* Defendants assert that, by VPX's calculations, LaRocca owes $400,000 in damages and Alfieri owes $300,000 in damages. *See* Motion, at 16 (DE [182]).  Finally, Defendants assert VPX cannot credibly contend it suffered any loss of sales or other business damages. *Id.* at 17.

"Florida law recognizes that where damages are not clearly ascertainable, parties to a contract may agree to a predetermined amount of damages that will flow from a breach of their contract." *Gables v. Choate*, 792 So. 2d 520, 522 (Fla. 3d DCA 2001) (citing *Hyman v. Cohen*, 73 So. 2d 393 (Fla. 1954)).  Under Florida law, "[l]iquidated damages arising from breach of contract are appropriate when (1) damages from the breach are not readily ascertainable, and (2) the sum stipulated is not grossly disproportionate to the damages reasonably expected to follow from the breach." *Resnick v. Uccello Immobilien GMBH, Inc.* 227 F.3d 1347, 1350 (11th Cir. 2000) (citations omitted).  Critically, "liquidated damages are inappropriate when they serve only to punish the breaching party." *Id.* (citations omitted).  "The fact that the liquidated damages may be excessive at the time of breach does not lead to the conclusion that the liquidated damages clause is a penalty and therefore not enforceable." *Secrist v. Nat'l Service Industries, Inc.*, 395 So. 2d 1280, 1283 (Fla. 2d DCA 1981) (citations omitted).  Where a liquidated damages provision contains "two separate and distinct parts," any one of which is excessive, a court may properly enforce the provision found not to be excessive. *Id.*

Applied here, the Court finds the first element is easily met because the approximate loss in sales and market share from the disclosure of confidential business information or loss of valuable employees is highly indeterminate.  However, whether the second element is met requires a determination of the damages reasonably expected to follow from a breach.  VPX asserts that damages flowing from the disclosure of its confidential business information or loss of valuable employees could potentially create severe consequences and catastrophic dilution of market share. *See* Amended Response, at 21–22 (DE [253]).  But, the Court is left to guess exactly how to approximate VPX's reasonably expected damages.  Thus, whether the liquidated damages provision meets the second element creates questions of fact that cannot be resolved at this stage. The Court notes that the liquidated damages provisions regarding the non-disclosure of confidential information covenant and non-compete covenant contain alternative liquidated damages amounts.  These undoubtedly qualify as having "two separate and distinct parts," allowing this Court to award the alternate amount if the other is found excessive.  However, this is not the case with the non-solicitation covenant, which imposes a flat $100,000 amount per party.  Nevertheless, because the record does not contain sufficient undisputed facts to determine VPX's reasonably expected damages, summary judgment is improper on this issue.

### E.  Proof of Damages

Defendants contend that summary judgment is warranted because VPX cannot prove any damages. *See* Motion, at 17–18 (DE [182]).  According to Defendants, VPX cannot show any concrete injury. *Id.*  VPX's contention that competitors could acquire protected information giving them an unfair competitive advantage is, according to Defendants, remote and speculative. *Id.* at 18.

8

"It is well established in Florida that where the allegations of a complaint show the invasion of a legal right, the plaintiff on the basis thereof may recover at least nominal damages . . . ." *Hutchison v. Tompkins*, 259 So. 2d 129, 132 (Fla. 1972) (citations omitted). If breach is proven, VPX can at least recover nominal damages under Florida law. VPX also has numerous other avenues to potentially assert and recover damages. First, VPX could seek reimbursement for any amount of wages paid out to employees while they were breaching their contracts and working simultaneously for the benefit of a competitor. Second, VPX could enforce its liquidated damages provisions against defendants for breaches of the non-disclosure of confidential information covenant, the non-solicitation covenant, and the non-compete covenant. Third, VPX could seek recovery of any costs associated with replacing employees lost due to the solicitation activity by Alfieri. Fourth, VPX could seek attorney fees incurred as a result of enforcing its restrictive covenants, which are awardable pursuant to defendants' employment agreements. Accordingly, the Court finds Defendants are not entitled to summary judgment on the issue of proof of damages. Therefore, it is

**ORDERED AND ADJUDGED** that Defendants LaRocca and Alfieri's Motion for Summary Judgment (DE [182]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 9th day of May 2022.

_____

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

9