UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61307-CIV-SINGHAL/VALLE

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX SPORTS / REDLINE/BANG
ENERGY, a Florida Corporation,

    Plaintiff,

v.

CHRISTOPHER ALFIERI, an individual,
ADAM PERRY, an individual, ANDREW
LaROCCA, an individual, AMY MAROS, an
individual and ELEGANCE BRANDS, INC.,
a Delaware corporation,

    Defendants.

_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court upon Plaintiff Vital Pharmaceutical's ("VPX" or "Plaintiff") Motion for Summary Judgment on Defendants' Affirmative Defenses, filed on February 18, 2022 (the "Motion") (DE [177]). Defendant Maros filed a Response on March 4, 2022 ("Maros Response") (DE [193]).[1] Defendants LaRocca and Alfieri filed a Response on March 13, 2022 ("LaRocca-Alfieri Response") (DE [217]). Plaintiff filed Replies to both Responses on March 18, 2022 (DE [227, 228]). The Motion is now ripe for this Court's consideration.

I. **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S.

---

[1] Defendant Maros has since resolved her case through filing a Consent Judgment (DE[270]).  A separate Order will be entered regarding that filing.

650, 656–57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a));[2] *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  An issue is "genuine" if a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof.  *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014).  And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case."  *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004).  "[W]here the material facts are undisputed and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law."  *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 Fed. Appx. 817, 820 (11th Cir. 2015).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014).  However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf."  *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).  "[T]his, however, does not mean that we are constrained to accept all the nonmovant's factual characterizations and legal arguments."  *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

---

[2] The 2010 Amendment to Rule 56(a) substituted the phrase "genuine dispute" for the former "'genuine issue' of any material fact."

"Partial summary judgment may properly be granted on affirmative defenses." *Tingley Sys., Inc. v. HealthLink, Inc.*, 509 F. Supp. 2d 1209, 1218 (M.D. Fla. 2007) (cleaned up). "Plaintiff has the burden of showing that Defendant cannot maintain these defenses by a preponderance of the evidence." *Lebron v. Royal Caribbean Cruises, Ltd.*, 2018 WL 5098972, at *2 (S.D. Fla. Aug. 14, 2018) (cleaned up). "[I]t is never enough simply to state that the non-moving party cannot meet its burden at trial," *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991), because "the moving party must point to specific portions of the record in order to demonstrate that the nonmoving party cannot meet its burden of proof at trial," *United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in State of Ala.*, 941 F.2d 1428, 1438 n.19 (11th Cir. 1991). After the plaintiff makes such a showing, "[t]he defending party must rely on or submit record evidence in support of the purported affirmative defenses to create a genuine issue of material fact preventing the entry of summary judgment." *Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, 2015 WL 4496193, at *7 (M.D. Fla. July 23, 2015).

## II. DISCUSSION

### A. Waiver of Enforcement of Restrictive Covenants

#### 1. Waiver Based on Public and/or Third Party Disclosure

VPX first argues that it did not waive enforcement of the individual defendants' restrictive covenants. *See* Motion, at 7. VPX contends that it did not disclose confidential or proprietary information to third parties, and such information is not publicly available. *Id.* at 8–13. VPX explains that its confidential and proprietary materials include its detailed distributor lists, maps detailing business plans and distributor locations, and distributor agreements. *Id.* at 9. VPX asserts this information is highly detailed and includes information about each distributor, including account numbers, distributing partner

names, addresses, owner names, contact information, and assessments of producer performance. *Id.* at 10. VPX references Defendant LaRocca's deposition testimony where the defendant confirmed that VPX never publicly published its distributor list and that VPX's distributor maps cannot be found on Google. *Id.* at 10–11. VPX further contends that its distributor and cooperative merchandising agreement templates are not disclosed to third parties or the public. *Id.* at 12. Finally, VPX argues that employees not subject to the restrictive covenants, who had access to confidential information, were nevertheless subject to the employee handbook confidentiality provision. *Id.* at 12. Moreover, according to VPX, there is no authority for the proposition that disclosure of confidential information within a company constitutes waiver of a restrictive covenant. *Id.* at 13.

Defendants respond by arguing that the distributor lists, maps reflecting territories of distributors, cooperative merchandising agreement templates, and distribution agreement templates are not confidential or proprietary. *See* LaRocca-Alfieri Response, at 5. Defendants explain that the information contained in the distributor lists and maps is generally available to the public. *Id.* Moreover, according to Defendants, the distributors cited were no longer existing or prospective customers of VPX at the time of the alleged disclosure because VPX had transitioned to an exclusive distributorship with PepsiCo. *Id.* Additionally, Defendants add, the cooperative merchandising and distribution agreement templates are commonly used throughout the energy drink industry, and any confidential or proprietary information contained therein, are waived to the extent they are disclosed to third parties—namely the corresponding parties to the agreements. *Id.* at 6.

To establish waiver under Florida law, a party must show (1) the existence of a right at the time of the waiver, (2) actual or constructive knowledge of the right, and (3) intention to relinquish the right. *Kirschner v. Baldwin*, 998 So. 2d 1138, 1142 (Fla. 5th

DCA 2008); *Mizell v. Deal*, 654 So. 2d 659, 663 (Fla. 5th DCA 1995). "Conduct may constitute waiver of a contract term, but such an implied waiver must be demonstrated by clear evidence." *BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1332, 1333 (11th Cir. 1998) (citations omitted). Moreover, "[w]aiver may be implied when a party's actions are inconsistent with continued retention of the right." *Id.* (citations omitted).

Applied here, the crux of Defendants' affirmative defense is to challenge (i) whether Plaintiff possessed a right in its purported confidential or proprietary materials and (ii) whether Plaintiff evidenced an intent to relinquish that right. The parties dispute the extent to which VPX's distributor lists, maps reflecting territories of distributors, cooperative merchandising agreement templates, and distribution agreement templates are publicly accessible or were otherwise disclosed to third parties. Defendants essentially argue that VPX cannot possess a right in confidential or proprietary materials if those materials are publicly accessible or disclosed to third-parties. Based upon the conflicting evidence at this stage, this question represents a genuine issue of material fact that is not fit for summary judgment. A factfinder must determine, based upon VPX's conduct and practice, whether its purported confidential and/or proprietary materials are publicly accessible or disclosed to third parties. Accordingly, summary judgment is improper on Defendants' waiver based on public disclosures affirmative defense.

2. <u>Waiver based on Selective Enforcement</u>

VPX next attacks Defendants LaRocca and Alfieri's affirmative defense, which contends VPX waived enforcement based upon its selective enforcement of its restrictive covenants. *See* (DE [78], at 11; DE [152], at 11). Specifically, Defendants LaRocca and Alfieri contend that VPX's failure to enforce the restrictive covenants against other former employees, who possessed access to the same information as did LaRocca and Alfieri,

5

constitutes waiver of the restrictive covenants.

VPX cites *Larweth v. Magellan Health, Inc.*, 2019 WL 11866499, at *9 (M.D. Fla. Dec. 17, 2019) (cleaned up) for the proposition that selective enforcement of a restrictive covenant does not constitute waiver of a party's right to enforce a restrictive covenant. VPX further contends that the restrictive covenants at issue contain a provision stating that failure to enforce any provision of the agreement concerning other employees "shall not be construed as a waiver of any such provision." (DE [76-1]; [76-3]; [76-4]). Defendants LaRocca and Alfieri, in turn, respond by citing non-Eleventh Circuit precedent for the opposite proposition and arguing that "good public policy" supports the same. *See* LaRocca-Alfieri Response, at 7. The Defendants then proffer a quite creative argument: a jury can infer that VPX's history of knowingly refusing to enforce restrictive covenants against other employees evidences VPX's knowledge that it cannot be harmed by disclosure of its purported confidential or proprietary information. *Id.* at 8.

As the court recognized in *Larweth*, and as this Court now recognizes, there is no Eleventh Circuit authority for the proposition that failing to enforce restrictive covenants against other employees constitutes waiver of that right. That alone would warrant summary judgment on this affirmative defense. However, the fact that the employment agreement itself explicitly notes that the failure to enforce any provision of the agreement concerning other employees "shall not be construed as a waiver of any such provision" decisively settles this question. Accordingly, the Court finds that summary judgment in favor of VPX is warranted on this affirmative defense.

### B. Competition Privilege

Defendants LaRocca and Alfieri contend in their second affirmative defense that VPX's claims are barred by the competition privilege. (DE [78], at 9–10; [152] at 9–10).

6

To establish the competition privilege, Defendants LaRocca and Alfieri must show (1) the VPX-Elegance Brands relationship concerned a matter involved in the competition between LaRocca/Alfieri and VPX, (2) it did not employ improper means, (3) it did not intend to create or continue an illegal restraint of competition, and (4) its purpose was at least in part to advance its interest in competing with the plaintiff. *Int'l Sales & Service, Inc. v. Austral Insulated Products, Inc.*, 262 F.3d 1152, 1159 (11th Cir. 2001) (citing Restatement (Second) of Torts § 768(1) (1977)). VPX cites *Yoder v. Shell*, 405 So. 2d 743, 744 (Fla. 2d DCA 1981) for the proposition that the competition privilege defense is inapplicable where there has been a "purposeful causing of a breach of contract." *See also McCurdy v. Collins*, 508 So. 2d 380, 384 (Fla. 1st DCA 1987) ("[T]he privilege does not encompass the purposeful causing of a breach of contract."). Defendants LaRocca and Alfieri, in turn, respond that the analysis of whether the competition privilege applies is a fact-intensive inquiry that is best left to the jury. *See Audiology Distrib., LLC v. Simmons*, 2014 WL 7672536, at *11 (M.D. Fla. May 27, 2014).

Here, Defendants LaRocca and Alfieri did not address the authority VPX cited that prevents the privilege from reaching cases where there has been a "purposeful causing of a breach of contract." Whether this affirmative defense can be maintained as a matter of law depends on whether Alfieri purposefully caused a breach of contract. And whether Alfieri "intentionally and unjustifiably interfered with VPX's contractual rights by inducing [LaRocca or Maros] to accept employment with Elegance in breach of [their] Non-Compete Covenant," (Amended Compl. (DE [76] 91–92), is one of the central issues in this case. *Compare* VPX's Amended Compl. (DE [76] ¶¶ 91–92), *with* Defendant Alfieri's Answer, Affirmative Defenses, and Jury Demand (DE [152] ¶¶ 91–92). Critically, if VPX prevails on this issue and proves breach of contract, this affirmative defense cannot be

maintained as a matter of law. By contrast, if VPX fails to prove breach of contract, this affirmative defense becomes moot. Accordingly, summary judgment in favor of VPX is warranted on this affirmative defense.

### C. Fraudulent Inducement

Defendants LaRocca, Alfieri, and Maros each allege the affirmative defense of fraudulent inducement. *See* (DE [133] ¶¶ 4, 5); (DE [158] ¶¶ 3, 4). "The elements of fraudulent misrepresentation and fraudulent inducement are: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Moriber v. Dreiling*, 194 So. 3d 369, 373 (Fla. 3d DCA 2016). Reliance must be "justifiable," meaning that a plaintiff can "establish that, but for the alleged misrepresentation or omission, the plaintiff would not have entered into the transaction at issue." *Saturn Telecommunication Services Inc. v. BellSouth Telecommunication, Inc.*, 2008 WL 11337385, at *7 (N.D. Fla. Nov. 25, 2008). The "elements of fraud—particularly including intent and knowledge—may be, and often are, proven by circumstantial evidence." *Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1030 (11th Cir. 2017) (cleaned up). And "[i]n fraud cases . . . summary judgment is rarely proper as the issue so frequently turns on the axis of the circumstances surrounding the complete transaction, including circumstantial evidence of intent and knowledge." *Id.* at 1029 (cleaned up).

"Unless one can show facts and circumstances to demonstrate that he was prevented from reading the contract, or that he was induced by statements of the other party to refrain from reading the contract, it is binding. No party to a written contract in this state can defend against its enforcement on the sole ground that he signed it without

8

reading it." *Allied Van Lines, Inc. v. Bratton*, 351 So. 2d 344, 347–48 (Fla. 1977) (cleaned up). "Merely stating that [one] does not recall signing the agreement is insufficient to raise a genuine dispute of fact." *Donjoie v. Whitestone Gulf, Inc.*, 2019 WL 4917095, at *2 (S.D. Fla. Oct. 4, 2019) (citing *Torjagbo v. United States*, 285 Fed. App'x 615, 619 (11th Cir. 2008)).

VPX argues this affirmative defense cannot be maintained for several reasons. First, VPX argues Defendants' counsel retracted this argument and thereby waived this defense when he stated that "we are in no way challenging that folks signed these documents." Motion, at 18; (DE [22], at 29:7-11; 29:21–30:12). Second, VPX contends that deposition testimony of each Defendant does not support this affirmative defense. *See* Motion, at 18. VPX explains that LaRocca did not testify that he did not have time to review the contract or that any term was misrepresented to him. *Id.* Rather, LaRocca testified that he failed to read the Restrictive Covenants. *Id.* VPX next asserts that Alfieri testified that he is familiar with DocuSign, he was required to sign various pages on DocuSign, he was able to review the document, and he ultimately signed his Employment Agreement by hand, which referenced the restrictive covenant. *Id.* at 19. VPX finally asserts that Maros testified that she signed the Restrictive Covenants. *Id.*

In turn, Defendants respond that they are asserting the defense of fraudulent inducement for the manner in which VPX presented the restrictive covenants at issue. *See* LaRocca-Alfieri Response, at 11; Maros Response, at 6–8. According to Defendants, VPX never informed any of them that they would be required to execute a restrictive employment covenant. *Id.* Defendants contend the manner and method used by VPX supports nonfeasance. What is at issue in this case, Defendants argue, is VPX's conduct—specifically, its nonfeasance in omitting to conspicuously inform the Defendants

9

of this condition of employment. *Id.* According to Defendants, sending a non-descript DocuSign email is insufficient to apprise one that they are entering into an extremely limiting employment contract. *Id.* Defendants add that this agreement and method of obtaining their signatures is procedurally unconscionable because it is akin to the document being "hidden in a maze of fine print and minimized by deceptive sales practices." *See Williams v. Walker-Thomas Furniture Co.*, 350 F.2d 445, 449 (D.C. Cir. 1965). According to Defendants, VPX's deception is evidenced by the fact that the covenants were contained among numerous other documents that VPX sent in a non-descript DocuSign email. *See* LaRocca-Alfieri Response, at 12. Finally, The Defendants add the contract is substantively unconscionable because the obligations therein lack mutuality of obligation. *Id.* Defendants assert that parol evidence may be used by a defendant to show the existence of unconscionability despite the existence of an integration clause. *Id.* at 13. "[T]he Eleventh Circuit, in reviewing Florida law, stated that even where an agreement contains an integration clause, parol evidence may be admitted (1) to show that the oral agreement induced the signing of the written contract, or (2) to explain a latent ambiguity in the written contact." *MDS (Canada), Inc. v. Rad Source Technologies, Inc.*, 822 F. Supp. 2d 1263, 1302 (S.D. Fla. 2011) (citing *Johnson Enters. Of Jacksonville v. FPL Grp.*, 162 F.3d 1290, 1309 (11th Cir. 1998)) (cleaned up).

VPX has the burden to show Defendants cannot maintain this affirmative defense by a preponderance of the evidence. As an initial matter, the Court rejects Defendants' attempt to add a new affirmative defense of unconscionability because Defendants failed to plead unconscionability as an affirmative defense in the first place. *See Capotosto v. Fifth Third Bank*, 230 So. 3d 891, 893 (Fla. 4th DCA 2017) ("[A] defendant [may not] raise an unpled affirmative defense as basis for resisting a motion for summary judgment.").

10

Accordingly, VPX is entitled to judgment on the unconscionability affirmative defenses.

### 1. Fraudulent Inducement (based on Signature Process)

The Court next addresses Defendants' fraudulent inducement (based on signature process) affirmative defense. It is undisputed that the signatures of each Defendant are genuine and that the defendants executed their respective agreements. Defendants argue there exists a genuine issue of material fact as to whether the signature process fraudulently concealed the restrictive covenants from the signatories. Defendants allege that a common DocuSign function of initialing each page to ensure signatory review was not utilized. *See* (DE [220] ¶ 10). Moreover, Defendants add that the restrictive covenant was not presented to the Defendants as a separate document for review prior to Defendants signing the Offer Letter and Employee Agreement. *Id.* Defendants further allege the DocuSign process would jump over multiple sections to reach a signature line, and the physical documents they were provided did not include the entirety of documents in the DocuSign process. *Id.* ¶ 11.

Nevertheless, Defendants do not dispute that they signed the documents and had time to review the documents. "It has long been held in Florida that one is bound by his contract. Unless one can show facts and circumstances to demonstrate that he was [1] prevented from reading the contract, or that he was [2] induced by statements of the other party to refrain from reading the contract, it is binding. No party to a written contract in this state can defend against its enforcement on the sole ground that he signed it without reading it." *E.g.*, *Allied Van Lines*, 351 So. 2d at 347–48. And "[m]erely stating that [one] does not recall signing the agreement is insufficient to raise a genuine dispute of fact." *Donjoie*, 2019 WL 4917095, at *2. Defendants do not claim they were prevented from reading their contracts or that they were induced to refrain from reading them. Rather,

Defendants contend the signature process concealed the restrictive covenants provision. The Court is aware of no authority, and Defendants cite none, for the proposition that the procedure by which an employee executes an employment contract can constitute fraudulent inducement (absent the two conditions mentioned above). So long as Defendants were given time to review their contracts, which they were, and were not induced to refrain from reading them, which they were not, the signature process is valid.

The Court is likewise aware of no authority, and Defendants cite none, for the proposition that an employer must affirmatively disclose to prospective employees certain pertinent provision in their contracts. Similarly, Defendants' arguments that the contract may be invalidated on the basis that the pertinent restrictive covenant was buried in a sea of other documents and agreements, that the hardcopy agreements provided to Defendants did not constitute the entirety of electronic agreements ultimately executed by Defendants, that the DocuSign software jumped from signature line to signature line, and that the restrictive covenant was not presented to Defendants as a separate stand-alone document are all unavailing. Defendants do not articulate how any of the foregoing prevented them from being able to review the agreements that they signed. VPX has cited deposition testimony from each Defendant that unequivocally indicates each Defendant was neither prevented from reviewing his or her agreement nor induced to refrain from reading it by VPX personnel. Therefore, VPX has met its burden by proving that the fraudulent inducement (based on signature process) affirmative defense cannot be maintained by a preponderance of the evidence. Accordingly, VPX is entitled to summary judgment on this defense.

2. <u>Fraudulent Inducement (based on False Statements by VPX)</u>

Notwithstanding the above, there does exist a genuine issue of material fact as to

whether false statements from VPX personnel induced Defendant Alfieri to execute his agreement. Defendant Alfieri alleges that upon seeing the restrictive covenant provision while reviewing his agreement, he raised the issue with a VPX employee who assured him it would not be applicable to him. *See* (DE [220] ¶ 10). Defendant Alfieri additionally alleges he was assured on other occasions that he would not be required to execute a restrictive employment covenant. *See* (DE [133] ¶ 4). This presents a genuine issue of material fact that must be decided by a factfinder. Specifically, a factfinder must determine whether (1) a false statement(s) concerning the agreement was made by VPX employee(s) to Defendant Alfieri at the time of signing, (2) the VPX employee(s) knew or should have known the statement(s) was false, (3) the VPX employee(s) intended to induce Defendant Alfieri to act in reliance on the statement(s), and (4) Defendant Alfieri acted in justifiable reliance on the statement(s).

VPX attempts to argue that any pre-existing oral agreements Alfieri may have had are barred by his contract's merger clause. *See* Motion, at 20 (DE [177]). However, this argument is of no avail to VPX because Alfieri alleges his assent to the contract was induced by fraud and seeks to introduce evidence of pre-existing oral agreements to prove this. Thus, the merger clause cannot apply in this situation because it is a fundamental principle of contract law that "a party can not contract against liability for his own fraud." *Oceanic Cillas, Inc. v. Godson*, 148 Fla. 454, 458 (Fla. 1941) (citations omitted). Accordingly, VPX cannot show Defendant Alfieri is unable to maintain this affirmative defense by a preponderance of the evidence. Therefore, summary judgment is improper on the fraudulent inducement (based on false statements by VPX) affirmative defense asserted by Defendant Alfieri. It is hereby

**ORDERED AND ADJUDGED** that Plaintiff Vital Pharmaceutical's Motion for

Summary Judgment on Defendants' Affirmative Defenses (DE [177]) is **GRANTED in part and DENIED in part**. <u>Summary judgment in favor of VPX is</u>:

1. **DENIED** on Defendants' Waiver based on Public and/or Third Party Disclosure Affirmative Defense.

2. **GRANTED** on Defendants' Waiver based on Selective Enforcement Affirmative Defense.

3. **GRANTED** on Defendants' Competition Privilege Affirmative Defense.

4. **GRANTED** on Defendants' Unconscionability Affirmative Defense.

5. **GRANTED** on Defendants' Fraudulent Inducement (based on Signature Process) Affirmative Defense.

6. **DENIED** on Defendant Alfieri's Fraudulent Inducement (based on False Statements by VPX) Affirmative Defense.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 27th day of July 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF