UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61307-CIV-SINGHAL/VALLE

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX SPORTS / REDLINE/BANG
ENERGY, a Florida Corporation,

    Plaintiff,

v.

CHRISTOPHER ALFIERI, an individual,
ADAM PERRY, an individual, ANDREW
LaROCCA, an individual, AMY MAROS, an
individual and ELEGANCE BRANDS, INC.,
a Delaware corporation,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion in Limine, filed on February 18, 2022 (the "Motion") (DE [181]). Defendants Andrew LaRocca and Christopher Alfieri (the "Defendants") filed a Response on March 12, 2022 (DE [219]). Plaintiff filed a Reply on March 18, 2022 (DE [226]). The Motion is now ripe for this Court's consideration.

Plaintiff seeks to prevent Defendants from introducing evidence at trial on six issues: (1) Defendants' perception or issues concerning VPX's workplace environment; (2) VPX's considerations and actions on whether or not to enforce restrictive covenants against other former employees; (3) VPX's finances in comparison to the Individual Defendants' financial standing; (4) the Order on VPX's Motion for Preliminary Injunction, the appeals of the Order, and the Eleventh Circuit's opinion; (5) VPX's hiring of other non-party employees from other energy drink manufacturers; and (6) VPX's litigation against others. *See* Motion, at 2. Each will be addressed in turn.

I. **DEFENDANT'S PERCEPTION OR ISSUES CONCERNING WORKPLACE ENVIRONMENT**

This request is **DENIED WITH PREJUDICE**. One of the key issues in this action is whether Defendant Alfieri violated the non-solicitation provision of his restrictive covenant and tortiously interfered with VPX's relationship with the other Defendants. Therefore, evidence probative of the reasons for the other defendants' departure from VPX is highly relevant to this question. This includes both evidence of solicitation efforts by Defendant Alfieri and workplace conditions at VPX. Any prejudice caused to VPX from the jury learning of poor conditions at VPX is substantially outweighed by the probative value such evidence bears on this key issue.

II. **VPX'S DECISIONS WHETHER TO ENFORCE RESTRICTIVE COVENANTS AGAINST OTHER EMPLOYEES**

This request is **DENIED WITH PREJUDICE**. While Defendants may not offer evidence to prove the rejected affirmative defense of selective enforcement, *see* (DE [272], at 6), Defendants may offer evidence of selective enforcement to the extent it is probative of other issues such as (i) damages suffered by VPX, (ii) calculation and reasonableness of VPX's liquidated damages, and (iii) the extent to which VPX's alleged confidential or proprietary information has been disclosed to third parties or is otherwise publicly available.

III. **EVIDENCE OF THE PARTIES' FINANCIAL STANDINGS**

This request is **GRANTED IN PART AND DENIED IN PART**. Critical issues in this case include (i) the extent to which VPX suffered damages as a result of the alleged breaches of contract by Defendants and (ii) the calculation and reasonableness of VPX's liquidated damages. Thus, evidence concerning VPX's financial condition before and

after the breaches are alleged to have occurred is relevant to this issue. However, evidence regarding Defendants' own financial conditions offered to prove the financial disparity between Plaintiff and Defendants is entirely irrelevant to any issue in this action and only risks unfairly prejudicing the jury against VPX.[1] Accordingly, evidence of VPX's financial condition offered to show (i) the extent to which VPX suffered damages and (ii) the calculation and reasonableness of VPX's liquidated damages is **ADMITTED**. However, evidence of Defendants' own financial conditions offered to show the financial disparity between Plaintiff and Defendants is **EXCLUDED**.

### IV. PRELIMINARY INJUNCTION ORDER AND RELATED FILINGS

This request is **GRANTED** for the reasons discussed in this Court's prior Order. *See* (DE [261]).

### V. VPX'S HIRING OF OTHER NON-PARTY EMPLOYEES

This request is **DENIED WITHOUT PREJUDICE**. Defendants respond that evidence concerning VPX's history of procuring experienced talent from competitors shows that "hiring talent away" is commonplace in the industry and thus cannot constitute unfair competition. This appears relevant to Plaintiff's claim of tortious interference with a contractual relationship and Defendant's competition privilege affirmative defense against that claim. The Court finds this evidence could be probative of whether "hiring talent away" does not constitute improper means under the competition privilege.

### VI. VPX'S LITIGATION AGAINST OTHERS

This request is **DENIED WITHOUT PREJUDICE**. The Court reserves judgment on any issues involving impeachment of witnesses until the time of trial.

---

[1] Because Defendant Elegance Brands, Inc. has entered into a consent judgment with VPX, *see* (DE [274]), the Court need not address this issue with respect to that Defendant.

For these reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion (DE [181]) is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of July 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF